# NO. 12-09-00197-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JAMES E. GIDDENS,*<br>*APPELLANT* | § | *APPEAL FROM THE 411TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *TRINITY COUNTY, TEXAS* |

### *MEMORANDUM OPINION*
### *PER CURIAM*

James Edward Giddens appeals from the trial court's denial of his motion for forensic DNA testing pursuant to Chapter 64 of the Texas Code of Criminal Procedure. Appellant's counsel has filed a brief asserting compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). Appellant has filed a pro se brief. We dismiss the appeal.

### <u>BACKGROUND</u>

A Trinity County jury found Appellant guilty of the offense of intoxication manslaughter. He pleaded true to two enhancement paragraphs, and the trial court assessed punishment at imprisonment for forty-five years. Appellant appealed the jury verdict to the Fourteenth District Court of Appeals, which affirmed his conviction on December 16, 1999.[1]

---

[1] *See **Giddens v. State***, No. 14-99-00518-CR, 1999 Tex. App. LEXIS 9317 (Tex. App.–Houston [14th Dist.] Dec. 16, 1999, no pet.) (per curiam). In 2005, the legislature removed Trinity County from the jurisdiction of the Fourteenth District Court of Appeals and added it to the jurisdiction of the Twelfth District Court of Appeals. *See* Act

Appellant filed a motion for forensic testing in 2009 in which he sought to exhume the body of the deceased to test for intoxicants. The trial court appointed counsel and held a hearing. Counsel told the court of the work he had done on the case. He also informed the court that he could not go forward because Appellant did not raise the issue of identity in his motion.[2] The trial court offered Appellant an opportunity to speak and thereafter denied his motion. This appeal followed.

## ANALYSIS PURSUANT TO ANDERS V. CALIFORNIA

Appellant's counsel has filed a brief in compliance with *Anders* and *Gainous*. Counsel states that he has diligently reviewed the appellate record and that he is well acquainted with the facts of this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978), counsel's brief presents a thorough chronological summary of the procedural history of the case and further states that counsel is unable to present any arguable issues for appeal. *See Anders*, 386 U.S. at 745, 87 S. Ct. at 1400; *see also Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 350, 102 L. Ed. 2d 300 (1988). Appellant argues in his brief that he was denied due process because the investigating officer did not test the body of the deceased for controlled substances and that he received ineffective assistance of counsel. We have reviewed the record for reversible error and have found none in the trial court's ruling on Appellant's motion for forensic DNA testing.

## CONCLUSION

As required, Appellant's counsel has moved for leave to withdraw. *See In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We are in agreement with Appellant's counsel that the appeal is wholly frivolous. Accordingly, his motion for leave to withdraw is hereby *granted*, and we *dismiss* this appeal. *See In re Schulman*, 252 S.W.3d at 408-09 ("After the completion of these

---

of May 26, 2005, 79th Leg., R.S., ch. 542, § 1(m), (o), 2005 TEX. GEN. LAWS 1466 (Vernon) (current version at TEX. GOV'T CODE ANN. § 22.201 (Vernon Supp. 2009)).

[2] *See* TEX. CODE CRIM. PROC. ANN. art. 64.03 (a)(1)(B) (Vernon Supp. 2009) (providing that identity being at issue is one prerequisite to a trial court's ordering forensic DNA testing).

four steps, the court of appeals will either agree that the appeal is wholly frivolous, grant the attorney's motion to withdraw, and dismiss the appeal, or it will determine that there may be plausible grounds for appeal.").

Counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35. Should Appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or he must file a pro se petition for discretionary review. *See In re Schulman*, 252 S.W.3d at 408 n.22. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this court, after which it will be forwarded to the Texas Court of Criminal Appeals along with the rest of the filings in this case. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4; *In re Schulman*, 252 S.W.3d at 408 n.22.

Opinion delivered June 30, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)